IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| F. SCOTT SMITH, Individually, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:24-cv-06149-SOH |
| | § | |
| EPR PARKS, LLC; | § | |
| ENTERTAINMENT PROPERTIES, | § | |
| LLC a/k/a EPR Properties, Inc. f/k/a | § | |
| Entertainment Properties Trust and | § | |
| f/k/a Entertainment Properties, Inc.; | § | |
| PREMIER PARKS, LLC; and MAGIC | § | |
| SPRINGS HOLDINGS, LLC d/b/a | § | |
| MAGIC SPRINGS, | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff F. Scott Smith, Individually, and hereby file this First Amended Complaint against the Defendants EPR PARKS, LLC (hereinafter "EPR Parks"); ENTERTAINMENT PROPERTIES, LLC a/k/a EPR Properties, Inc. f/k/a Entertainment Properties Trust and f/k/a Entertainment Properties, Inc. (hereinafter "Entertainment Properties"); PREMIER PARKS, LLC (hereinafter "Premier");  and MAGIC SPRINGS, LLC d/b/a MAGIC SPRINGS (hereinafter "Magic Springs"), collectively "Defendants." In doing so, Plaintiff respectfully shows the Court the following:

**I.**
**PARTIES**

1.01    Plaintiff is a resident of Searcy, Searcy County, Arkansas.

1.02    Defendant EPR Parks, LLC is a limited liability company organized under the

laws of the state of Delaware with its principal place of business in Missouri and is authorized to do business in the State of Arkansas. Upon information and belief, EPR Parks owns the property where the incident occurred and is responsible for the management, maintenance, and operation of the facility where the incident made basis of this suit occurred: Magic Springs Water and Theme Park. Defendant EPR Parks may be served with process in this action by delivering summons and a copy of this complaint to its registered agent for service, CT Corporation System, located at 320 S. Izard Street, Little Rock, Arkansas 72201.

  1.03 Defendant Entertainment Properties, LLC is a limited liability company organized under the laws of Missouri with its principal place of business in Missouri and is doing business in the State of Arkansas. Based upon information and belief, Entertainment Properties is an owner of Magic Springs Water and Theme where the incident made basis of this suit occurred and is responsible for the management, maintenance, and operation at Magic Springs Water and Theme Park. Defendant Entertainment Properties may be served with process in this action by delivering summons and a copy of this complaint to its registered agent for service, John E. Curran, 3750 Osage Beach Parkway, Suite 100, P. O. Box 600, Osage Beach, Missouri, 65065.

  1.04 Defendant Premier Parks, LLC is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Edmond, Oklahoma and is doing business in the State of Arkansas. Based upon information and belief, Premier is responsible for the management, maintenance, and operation at Magic Springs Water and Theme Park where the incident made basis of this suit occurred. Defendant Premier may be served with process in this action by delivering summons and a copy of this complaint to its registered agent for service, National Registered Agents, Inc., 1209 Orange Street, Wilmington, Delaware 19801.

1.05    Defendant Magic Springs Holdings, LLC d/b/a Magic Springs is a foreign for-profit corporation organized under the laws of the state of Delaware, with its principal place of business in Lakewood, New Jersey 08701. Upon information and belief Magic Springs is authorized to do business in the State of Arkansas. Upon information and belief, Magic Springs is the tenant under a lease agreement with Defendant EPR Parks. Upon information and belief, Magic Springs operates the Magic Springs Water and Theme Park where the incident made basis of this suit occurred and is the wholly owned subsidiary of Defendant Premier Parks, LLC. Defendant Magic Springs may be served with process in this action by delivering summons and a copy of this complaint to its registered agent for service, National Registered Agents, Inc., 124 W. Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

## II.
## VENUE AND JURISDICTION

2.01    Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, this court has diversity jurisdiction under 28 U.S.C. 1332.

2.02    The Defendants reside in the Western District of Arkansas—Hot Springs Division, as the term is defined in 28 U.S.C. §1391 (c) (for venue purposes, a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced). Additionally, Venue is proper in the Western District of Arkansas—Hot Springs Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omission giving rise to the claim occurred at the Magic Springs Theme and Water Park, which is located within the Hot Springs Division. Plaintiff would show that the incident made basis of this suit occurred at 1701 E. Grand Avenue, Hot Springs, AR, 71901.

# III.
## FACTUAL BACKGROUND

3.01    On or about June 10, 2023, Scott Smith was chaperoning a church youth group trip to Magic Springs Theme and Water Park in Hot Springs, Arkansas.  Magic Springs has a water slide known as the Seven Falls Slide Tower. There are seven (7) slides to choose from.

[1]

3.02    Scott had never ridden the slide before the incident. Upon information and belief, the rider selects an inflated tube and is instructed to ride the tube in a seated position facing forward. Scott selected a tube and climbed the stairs to the platform at the top of the ride.

3.03    Unbeknownst to Scott, the ride had height and weight restrictions. According to the Magic Springs website, the weight limit for the Seven Falls Slide Tower is 250lbs:

[2]

---

[1] https://magicsprings.com/water-park/
[2] https://www.magicsprings.com/downloads/Safety-Information-Waterpark-Attractions/Seven%20Falls%20Tube%20Slides.pdf?_ga=2.253183945.1764133758.1730822079-1918468661.1728569494&_gl=1*jsq9ib*_gcl_au*NjUxMjQ4MjguMTcyODU2OTQ5NA..*_ga*MTkxODQ2ODY2MS4xNzI4NTY5NDk0*_ga_H04XCKZBPB*MTczMDgyMjA3OS42LjEuMTczMDgyMjE0NS42MC4wLjA.

3.04    Magic Springs also instructs riders to "*obey ALL lifeguard instructions*" and "*riders must wait for lifeguard to signal before starting ride.*"

**HOW TO RIDE**
- Please obey ALL lifeguard instructions
- Riders must wait for lifeguard to signal before starting ride [3]

3.05    At the top of the slide, a Magic Springs lifeguard directed Scott to an available slide. Scott obeyed the Magic Springs lifeguard's instruction. While descending, Scott was flipped over on his face. Scott's face struck the slide resulting in significant maxillary and dental injuries.

## IV.
## PRINCIPLES/AGENCY

4.01    At all times material hereto, Defendants' lifeguards, employees, staff, agents, servants, and contractors owed a duty of care to prevent participants like Scott Smith from riding the Seven Falls Tower Slide.

4.02    At all times relevant, Defendants were responsible for its lifeguards, employees, staff, agents, servants, and contractors acting in their capacity under the doctrines of master-servant relationship, principal-agent relationship, and or *respondeat superior*.

## V.
## NEGLIGENCE & NEGLIGENCE *PER SE* CLAIMS AGAINST DEFENDANT EPR PARKS

5.01    Upon information and belief, at the time of the incident for which this lawsuit was brought, the Magic Springs Theme and Water Park where this incident occurred was owned, managed, maintained, operated, and insured by Defendant EPR Parks. The independent conduct

---

[3] *Id*.

of this Defendant constitutes negligence and/or negligence *per se*. Such negligent acts or omissions include, but are not limited to the following:

    a.    failing to train Magic Spring lifeguards, employees and/or representatives were on the safe use Seven Falls Tower Slide;

    b.    failing to supervise Magic Spring lifeguards, employees, and/or representatives on the safe use of the Seven Falls Tower Slide;

    c.    Failing to adhere to the manufacturer's warnings and weight restrictions associated with the Seven Falls Tower Slide;

    d.    Failing to adhere to safety and regulatory standards governing the safe use of the Seven Falls Tower Slide;

    e.    Failing to incorporate safety measures to protect participants like Scott Smith from serious injury or harm associated with weight restrictions applicable to the safe use of the Seven Falls Tower slide;

    f.    Exposing Scott Smith to an unreasonably dangerous conditions to which the risk of serious and potentially fatal injury was foreseeable;

    g.    Failing to enforce the weight restrictions applicable to the Seven Falls Tower Slide;

    h.    Failing to properly warn participants like Scott Smith of the safety hazards associated with the Seven Falls Tower Slide; and

    i.    Other acts of negligence and/or negligence *per se*.

5.02    Each of the aforementioned acts, both of omission and commission, as well as those yet to be discovered, constitute negligence and/or negligence *per se*, and were a direct and proximate cause of the incident made basis of this suit, Plaintiffs' injuries, and damages.

5.03    The above-listed negligent acts and/or omissions were a proximate and producing cause of Scott Smith's injuries and damages alleged by Plaintiffs herein.

## VI.
### NEGLIGENCE & NEGLIGENCE *PER SE* CLAIMS AGAINST DEFENDANT ENTERTAINMENT PROPERTIES, LLC

6.01   Upon information and belief, at the time of the incident for which this lawsuit was brought, the Magic Springs Theme and Water Park where this incident occurred was owned, managed, maintained, operated, and insured by Defendant Entertainment Properties, LLC. The independent conduct of this Defendant constitutes negligence and/or negligence *per se*. Such negligent acts or omissions include, but are not limited to the following:

a.   failing to train Magic Spring lifeguards, employees and/or representatives were on the safe use Seven Falls Tower Slide;

b.   failing to supervise Magic Spring lifeguards, employees, and/or representatives on the safe use of the Seven Falls Tower Slide;

c.   Failing to adhere to the manufacturer's warnings and weight restrictions associated with the Seven Falls Tower Slide;

d.   Failing to adhere to safety and regulatory standards governing the safe use of the Seven Falls Tower Slide;

e.   Failing to incorporate safety measures to protect participants like Scott Smith from serious injury or harm associated with weight restrictions applicable to the safe use of the Seven Falls Tower slide;

f.   Exposing Scott Smith to an unreasonably dangerous conditions to which the risk of serious and potentially fatal injury was foreseeable;

g.   Failing to enforce the weight restrictions applicable to the Seven Falls Tower Slide;

h.   Failing to properly warn participants like Scott Smith of the safety hazards associated with the Seven Falls Tower Slide; and

i.   Other acts of negligence and/or negligence *per se*.

6.02   Each of the aforementioned acts, both of omission and commission, as well as those yet to be discovered, constitute negligence and/or negligence *per se*, and were a direct and proximate cause of the incident made basis of this suit, Plaintiffs' injuries, and damages.

6.03   The above-listed negligent acts and/or omissions were a proximate and producing cause of Scott Smith's injuries and damages alleged by Plaintiffs herein.

## VII.
## NEGLIGENCE & NEGLIGENCE *PER SE* CLAIMS AGAINST DEFENDANT PREMIER PARKS, LLC

7.01   Upon information and belief, at the time of the incident for which this lawsuit was brought, the location of the property where this incident occurred was managed, maintained, and operated by Premier on behalf of Defendant EPR Properties, Inc. The independent conduct of Premier constitutes negligence and/or negligence *per se*. Such negligent acts or omissions include, but are not limited to the following:

   a.   failing to train Magic Spring lifeguards, employees and/or representatives were on the safe use Seven Falls Tower Slide;

   b.   failing to supervise Magic Spring lifeguards, employees, and/or representatives on the safe use of the Seven Falls Tower Slide;

   c.   Failing to adhere to the manufacturer's warnings and weight restrictions associated with the Seven Falls Tower Slide;

   d.   Failing to adhere to safety and regulatory standards governing the safe use of the Seven Falls Tower Slide;

   e.   Failing to incorporate safety measures to protect participants like Scott Smith from serious injury or harm associated with weight restrictions applicable to the safe use of the Seven Falls Tower slide;

   f.   Exposing Scott Smith to an unreasonably dangerous condition to which the risk of serious and potentially fatal injury was foreseeable;

   g.   Failing to enforce the weight restrictions applicable to the Seven Falls Tower Slide;

   h.   Failing to properly warn participants like Scott Smith of the safety hazards associated with the Seven Falls Tower Slide; and

   i.   Other acts of negligence and/or negligence *per se*.

7.02    Each of the aforementioned acts, both of omission and commission, as well as those yet to be discovered, constitute negligence and/or negligence *per se*, and were a direct and proximate cause of the incident made basis of this suit, Plaintiffs' injuries, and damages.

7.03    The above-listed negligent acts and/or omissions were a proximate and producing cause of Scott Smith's injuries and damages alleged by Plaintiffs herein.

## VIII.
### CLAIMS AGAINST DEFENDANT MAGIC SPRINGS HOLDINGS, LLC

8.01    Upon information and belief, at the time of the incident for which this lawsuit was brought, the location of the property where this incident occurred was managed, maintained, and operated by Magic Springs. The independent conduct of Magic Springs constitutes negligence and/or negligence *per se*. Such negligent acts or omissions include, but are not limited to the following:

a. failing to train Magic Spring lifeguards, employees and/or representatives were on the safe use Seven Falls Tower Slide;

b. failing to supervise Magic Spring lifeguards, employees, and/or representatives on the safe use of the Seven Falls Tower Slide;

c. Failing to adhere to the manufacturer's warnings and weight restrictions associated with the Seven Falls Tower Slide;

d. Failing to adhere to safety and regulatory standards governing the safe use of the Seven Falls Tower Slide;

e. Failing to incorporate safety measures to protect participants like Scott Smith from serious injury or harm associated with weight restrictions applicable to the safe use of the Seven Falls Tower slide;

f. Exposing Scott Smith to an unreasonably dangerous condition to which the risk of serious and potentially fatal injury was foreseeable;

g. Failing to enforce the weight restrictions applicable to the Seven Falls Tower Slide;

h. Failing to properly warn participants like Scott Smith of the safety hazards associated with the Seven Falls Tower Slide; and

      i.      Other acts of negligence and/or negligence *per se*.

8.02    Each of the aforementioned acts, both of omission and commission, as well as those yet to be discovered, constitute negligence and/or negligence *per se*, and were a direct and proximate cause of the incident made basis of this suit, Plaintiffs' injuries, and damages.

8.03    The above-listed negligent acts and/or omissions were a proximate and producing cause of Scott Smith's injuries and damages alleged by Plaintiffs herein.

## IX.
## DAMAGES

9.01    As a proximate result of the negligence of Defendants described above, Plaintiff is entitled to bring this cause of action for all damages suffered as a result of the injuries sustained in the incident made basis of this suit, including but not limited to:

    a.    Past and future medical expenses;

    b.    Past and future lost wages;

    c.    Past and future pain and suffering;

    d.    Past and future mental anguish;

    e.    Past and future disfigurement; and

    f.    Past and future impairment.

## X.
## EXEMPLARY DAMAGES

10.01    Plaintiff alleges that each and every negligent act or omission of Defendants and its agents, as set forth above, when viewed objectively from the standpoint of policymakers, involved an extreme degree of risk, considering the probability and magnitude of the physical harm to others and that Defendants and its agents had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Scott Smith

and others like him and as such, such conduct amounts to gross negligence or malice, as those terms are defined by law, so as to give rise to an award of exemplary or punitive damages, for which Plaintiff now pleads against Defendants. Additionally, by reason of such conduct, Plaintiff is entitled to and therefore asserts a claim for punitive and exemplary damages in an amount sufficient to punish and deter Defendants, and other corporations like it, from such conduct in the future.

## XI.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

11.01   Plaintiff claim pre-judgment and post-judgment interest at the maximum rate allowed by law.

## XII.
### JURY DEMAND

12.01   Plaintiff respectfully request that the Court impanel a jury to decide all fact issues in this case.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer this Complaint and that upon final hearing, Plaintiff recover judgment against Defendants for their damages as they appear at trial hereof together with costs of court, prejudgment and post-judgment interest, and for such general and equitable relief as Plaintiff may be entitled.

Respectfully Submitted,

**JAMES L. MITCHELL**
Arkansas S. Ct. 2011305
Jim@PayneMitchell.com
**ANDREW S. BULLARD**
TX State Bar No. 24104622
abullard@paynemitchell.com
**PAYNE MITCHELL RAMSEY LAW GROUP**
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214/252-1888 Telephone
214/252-1889 Facsimile
*Pro hac vice* applications pending

**ATTORNEYS FOR PLAINTIFF**